**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE<br>DEPARTMENT OF NATURAL<br>RESOURCES &<br>ENVIRONMENTAL CONTROL<br>　　　　　Plaintiff, | )<br>)<br>)<br>)<br>)<br>) | Case No.: 1:18-cv-00838-VAC-CJB |
| v. | )<br>) | |
| MOUNTAIRE FARMS OF<br>DELAWARE, INC.,<br>a Delaware Corporation,<br>　　　　　Defendant. | )<br>)<br>)<br>) | |

**MOTION TO INTERVENE**

　　COME NOW, Gary and Anna-Marie Cuppels, and over 690 other residents and property owners (the "Intervenors") in the vicinity of lands and facilities owned and operated by Mountaire Corporation, Mountaire Farms, Inc. and Mountaire Farms of Delaware, Inc. (collectively "Mountaire"), and respectfully submit this Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, 42 U.S. Code § 6972(a)(1)(A), and 33 U.S. Code § 1365(b)(1)(B).

**INTRODUCTION**

　　Gary and Anna-Marie Cuppels are Delaware residents who live in Millsboro, Delaware. Intervenors – at least 695 individuals including the Cuppels – all reside within five miles of the Mountaire poultry processing plant and its wastewater and sludge disposal facilities ("Facilities"), and own or lease properties that rely on the groundwater as a potable water source. The Cuppels and others among Intervenors live on or regularly boat, fish, or otherwise pursue recreational activities on the nearby Indian River and its tributaries.

Mountaire has disposed of billions of gallons of highly contaminated wastewater and liquefied sludge on lands near Intervenors' residences. The wastewater and sludge has seeped into the groundwater throughout the area, causing nitrates to spread for miles and their concentrations to escalate to dangerously high levels. Through Mountaire's operations and reckless disregard for Intervenors and the environment, the extent and severity of groundwater contamination has grown and continues to grow. Intervenors have suffered health effects, live in fear of future health effects, cannot drink their own water, and own properties that are stigmatized, have lost substantial value and may not be saleable.

The State of Delaware Department of Natural Resources and Environmental Control has now brought this matter pursuant to the Federal Resource Conservation and Recovery Act ("RCRA"), codified in 42 U.S.C. § 6901 et seq., and the Federal Clean Water Act, codified in 33 U.S.C. § 1251 et seq. The Intervenors hereby seek to intervene in this action pursuant to the unconditional statutory right to intervene provided by these statutes to ensure that the interests of Millsboro residents are properly considered.

## ARGUMENT

Federal Rule of Civil Procedure 24(a) provides that on timely motion, a court must permit anyone to intervene who: (1) "is given an unconditional right to intervene by a federal statute;" or (2) who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

### A. Intervenors have a right to intervene.

#### *1. Intervenors have an unconditional right to intervene on the basis of the Federal Resource Conservation and Recovery Act and Federal Clean Water Act.*

The Complaint filed by DNREC in this Court was brought pursuant to the Federal Resource Conservation and Recovery Act ("RCRA") codified in 42 U.S.C. § 6901 et seq., and the Federal Clean Water Act, 33 U.S.C. § 1251 et seq. Both of these statutes provide the Intervenors an unconditional right to intervene in this matter. The Federal Resource Conservation and Recovery Act ("RCRA") provides that in any action under subsection 42 U.S. Code § 6972(a)(1)(A) in a court of the United States, "any person may intervene as a matter of right." 42 U.S. Code § 6972(b)(1)(B). Pursuant to 33 U.S. Code § 1365(b)(1)(B) of the Federal Clean Water Act, "any citizen may intervene as a matter of right" in a civil or criminal action commenced by the Administrator or State to require compliance with a standard limitation or order. As a result, the Intervenors have an unconditional statutory right to intervene in this litigation.

#### *2. The Intervenors have a right to intervene on the basis of a threat that their interests with be impaired by disposition of the action.*

In addition to the Intervenor's unconditional statutory right to intervene under 33 U.S. Code § 1365(b)(1)(B) and 42 U.S. Code § 6972(b)(1)(B), the Intervenors may intervene under Federal Rule of Civil Procedure 24(a)(2). Pursuant to Rule 24(a)(2), the Intervenors may intervene as a matter of right if they have (1) a sufficient interest in the litigation; (2) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action"; and (3) that its interest is not adequately represented by the existing parties to the litigation. *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018).

This action by DNREC may be dispositive of the Intervenors ability to proceed with their own claims under RCRA and the CWA, resulting in a clear threat that their interests may be

impaired. As a result, intervention by the Intervenors is essential to allowing Millsboro residents to protect their interests.

### 3. *The Intervenors may intervene under Federal Rule 24(b).*

Even if a party is not entitled to intervene as of right, the Court may grant a permissive motion to intervene. Under Rule 24(b), "[u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." The conduct which is at issue in this matter involves the very same conduct on the part of Mountaire that will form the basis of a Complaint filed on behalf of the moving parties. The Intervenors have previously filed a Notice of Intent regarding potential claims under the Resource Conservation and Recovery Act and Clean Water Act which addresses many of the same violations as pled by DNREC in this matter. Consequently there are clearly common questions of law and fact. Further, Intervenors' proposed intervention will not cause any undue delay or prejudice to the adjudication of the existing parties' rights because this litigation is in its preliminary phases.

### B. The Intervenors' Motion is Timely

In assessing whether a Motion to Intervene is timely, the Court should consider the point to which the suit has progressed, the purpose for which intervention is sought, the necessity for intervention as a means of preserving the applicants' rights and the extent to which intervention will prejudice the rights of the parties already in the case. *Com. of Pennsylvania v. Rizzo, 66 F.R.D. 598*, 600 (E.D. Pa. 1975), aff'd sub nom. *Com. of Pa. v. Rizzo*, 530 F.2d 501 (3d Cir. 1976). Here, the case is still at the earliest stage, with the Complaint having been filed on June 4, 2018. As a result, the Intervenors' Motion is timely.

**C. This Motion is accompanied by a Complaint in Intervention.**

In compliance with Rule 24(c), this Motion is accompanied by a Complaint setting forth the Intervenors' claims under the Federal Resource Conservation and Recovery Act ("RCRA") codified in 42 U.S.C. § 6901 et seq., and the Federal Clean Water Act, codified in 33 U.S.C. § 1251 et seq., and the requested relief. *See*, Intervenors' Complaint in Intervention, attached as Exhibit A.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Intervenors respectfully request that the Court grant their Motion to Intervene.

**BAIRD MANDALAS BROCKSTEDT, LLC**

*/s/ Chase T. Brockstedt*
Chase T. Brockstedt, Esq. (Bar No. #3815)
Stephen A. Spence, Esq. (Bar No. #5392)
1413 Savannah Road, Suite 1
Lewes, Delaware 19958
(302) 645-2262
Attorneys for Intervenors
chase@bmbde.com

OF COUNSEL:
Philip C. Federico, Esq. *(pending admission pro hac vice)*
Brent Ceryes, Esq. *(pending admission pro hac vice)*
SCHOCHOR, FEDERICO AND STATON, P.A.
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Dated: June 29, 2018