UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, DEPARTMENT OF NATURAL RESOURCES & ENVIRONMENTAL CONTROL,<br><br>        Plaintiff,<br><br>   v.<br><br>MOUNTAIRE FARMS OF DELAWARE, INC., a Delaware Corporation,<br><br>        Defendant. | Case No.: 1:18-cv-00838-VAC-CJB |

**PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE**

Plaintiff, State of Delaware, Department of Natural Resources and Environmental Control ("DNREC"), by and through its undersigned counsel, hereby opposes the Motion to Intervene filed by Gary and Anna-Marie Cuppels, and over 690 other residents and property owners, (the "Movants") on June 29, 2018. (D.I. 4). In support thereof, Plaintiff states as follows:

**INTRODUCTION & BACKGROUND**

DNREC commenced this enforcement action against Mountaire Farms of Delaware, Inc. ("Mountaire"), on June 4, 2018 (D.I. 1). In its complaint, DNREC alleges two counts that Mountaire violated the Resource Conservation and Recovery Act ("RCRA") and one count that it violated the Clean Water Act ("CWA"). (DNREC's Federal Court action is referred herein as the "Federal Case").

DNREC also commenced a parallel enforcement action in the Superior Court of the State of Delaware against Mountaire on June 4, 2018, in which DNREC asserts that Mountaire violated Delaware environmental statutes and regulations. (Exhibit A, State Court Complaint,

C.A. No.: S18M-06-002 RFS).  (DNREC's State Court action is referred to herein as the "State Case").

DNREC filed contemporaneously with its complaint in the State Case a Proposed Consent Decree between DNREC and Mountaire.[1]  (See Exhibit B, Consent Decree).  DNREC and Mountaire spent several months negotiating the Consent Decree, which, among other things, requires Mountaire to pay a civil penalty and to take corrective measures that will address its violations of Delaware environmental statutes and regulations, as well as its violations of the CWA and RCRA that are the basis for the Federal Case.  DNREC and Mountaire are seeking approval and entry of the Consent Decree by the Delaware Superior Court; following entry of the Consent Decree in the State Case, DNREC and Mountaire anticipate requesting a stay of the Federal Case while Mountaire satisfies the Consent Decree's conditions.  By filing in both State and Federal Court, in the event Mountaire fails to comply with the Consent Decree, DNREC can pursue relief, as appropriate, from either this Court or the Superior Court, thereby bolstering DNREC's ability to enforce the Consent Decree, Delaware environmental laws, and Federal environmental laws.

The Movants have now sought to intervene in the Federal Case pursuant to Federal Rule of Civil Procedure 24.  Movants' reason for seeking to intervene in the Federal Case is their concern that the Federal Case "may be dispositive of the [Movants'] ability to proceed with their own claims under RCRA and the CWA, resulting in a clear threat that their interests may be impaired."  (D.I. 4, pg 3).  Moreover, if permitted to intervene, as stated in their Complaint in Intervention filed as Exhibit A with their Motion, Movants seek, among other relief, a

---

[1] Movants have also sought to intervene in the State Case.  The Delaware Superior Court recently issued a Briefing Schedule on Movants' Motion to Intervene in the State Case, with briefing concluding on September 10, 2018.

declaration that DNREC is not diligently prosecuting Mountaire's violations of the CWA and RCRA.

Movants' Motion and accompanying complaint, however, demonstrate that Movants' reason for seeking to intervene in DNREC's Federal Case is to insert themselves into DNREC's enforcement action to advance their own purposes. Rule 24, the CWA, and RCRA, however, do not permit intervention where private parties seek to utilize an agency's enforcement action for their own goals. Therefore, Movants' Motion should be denied.

## ARGUMENT

Movants assert three grounds for intervention: (1) intervention is appropriate under Rule 24(a)(1), because they claim they have an unconditional statutory right to intervene under the CWA and RCRA; (2) that intervention is appropriate under Rule 24(a)(2); or (3) that the Court should permit intervention under Rule 24(b). Movants' Motion should be denied, however, as Movants have failed to carry their burden of demonstrating that they are entitled to intervene in this action as a matter of right under Rule 24(a), and the Court should not permit their intervention under Rule 24(b).

    **A.**    **The CWA and RCRA do not confer an unconditional statutory right to intervene in the Federal Case.**

Movants claim that they should permitted to intervene under Rule 24(a)(1), because they have an "unconditional statutory right to intervene in this litigation" pursuant to section 1365(b)(1)(B) of the CWA and section 6972(b)(1)(B) of RCRA. Movants, however, offer no citations to support their interpretation that the CWA and RCRA provide an "unconditional statutory right to intervene in this litigation," and case law interpreting the right to intervene

under Federal environmental statutes provide that the right to intervene under these acts is limited.[2]

Case law interpreting the citizen suit provision of Federal environmental statutes, including the CWA and RCRA, provide that a citizen's right to intervene in an enforcement action is limited to those enforcement actions that have the effect of barring the citizen from bringing its own citizen suit to enforce the applicable Federal environmental act.[3]  The Ninth Circuit Court of Appeals recently noted, "Every circuit to consider the Clean Air Act's right of intervention—or the identically worded provisions in other environmental statutes . . . has reached the same result . . . that '[i]ntervention is limited to government initiated actions that could have been brought by the individual but for the government action.'"[4]  Additionally, in *United States v. Encycle/Texas, Inc.*, the District Court for the Southern District of Texas stated that RCRA allows intervention as a matter of right only when the government agencies are not diligently prosecuting the action.[5]

---

[2] *See United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 978 (2d Cir. 1984) ("Intervention is limited to government initiated actions that could have been brought by the individual but for the government action."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Products Liab. Litig.*, 2018 WL 3235533, at *7 (9th Cir. July 3, 2018) ("The phrase 'any person' in the intervention clause might appear to broaden the grant of intervention beyond simply those 'citizens who would otherwise bring private enforcement actions,' but are precluded from doing so by the government's action. . . . . But whether 'any' has that import in a particular statute 'necessarily depends on the statutory context.'  Here, that context—and the other words of the provision—cabin 'any person' to those whose suits were barred by the diligent prosecution bar."  (Internal citations omitted)).

[3] The citizen suit provision of Federal environmental statutes permit a citizen to bring an action to enforce the act, unless EPA or a State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the relevant act.  *See* CWA § 1365; RCRA § 6972.  This bar on citizen suits where a government is diligently prosecuting a violator is commonly referred to as the "diligent prosecution bar."

[4] *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Products Liab. Litig.*, 2018 WL 3235533, at *7 (9th Cir. July 3, 2018) (internal citations omitted).

[5] "The intervenors' primary purpose in seeking to intervene is to contest some of the penalties and remedial measures to which the parties agreed in the proposed Consent Decree. The

Movants' have not satisfied their burden of showing they are entitled to intervene as a matter of right in the Federal Case under the CWA's or RCRA's citizen suit provisions. Movants' seek this Court's declaration that DNREC is not diligently prosecuting Mountaire in their Complaint in Intervention, even though the Acts only permit intervention where the enforcement action bars the citizen's suit. Movants' request that the Court find that DNREC is not diligently prosecuting its enforcement action against Mountaire is contrary to its assertion that it may intervene in DNREC's enforcement action under the CWA and RCRA.

Movants' misplaced reliance on the CWA and RCRA as a basis to intervene in this action further demonstrate that Movants' interest in intervening in this action is not enforcing the CWA and RCRA, but rather to advance their own private claims against Mountaire. However, the citizen suit provision of the CWA and RCRA are not intended to permit private plaintiffs to bring their own claims against a defendant or utilize an agency's enforcement action for their own purposes.[6] The Court should therefore deny Movants' Motion to Intervene in this action.

B.      **Movants have failed to establish their right to intervene Under Rule 24(a)(2).**

Movants also claim they have a right to intervene pursuant to Rule 24(a)(2), which provides for intervention as a matter of right if: (1) Movants have a sufficient interest in the litigation; (2) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action;" and (3) that its interest is not adequately protected by the existing

---

intervenors have no right to block the settlement of a diligently prosecuted action brought under RCRA. The court concludes [RCRA] allows intervention as a matter of right only when the government agencies are not diligently prosecuting the action." *United States v. Encycle/Texas*, Inc., 1999 WL 33446875, at *2 (S.D. Tex. Aug. 2, 1999).

[6]"Taken as a whole, the statutory architecture indicates that 'the citizen suit is meant to supplement rather than to supplant governmental action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Products Liab. Litig.*, 2018 WL 3235533, at *6 (9th Cir. July 3, 2018) (quoting *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay* Found., Inc., 484 U.S. 49, 60 (1987).

parties to the litigation.  Movants' Motion, however, fails to establish their right to intervene, because Movants' interests are distinguishable from DNREC's enforcement action.

Movants state in their Motion that DNREC's Federal Case may be dispositive of their ability to proceed with their own claims under RCRA and CWA, which they assert results in a clear threat that their interests may be impaired.  (D.I. 4, pg. 3).  Movants, however, never describe their interests with specificity, but their Complaint in Intervention demonstrates that their interests stem from their private claims against Mountaire, not enforcing the CWA and RCRA.[7][8]  Conversely, DNREC's interest in this litigation is enforcing the CWA, RCRA, and Delaware environmental laws.  To the extent Movants' interests may overlap with DNREC's interest in enforcing the CWA and RCRA, DNREC is adequately representing those interests by pursuing the Federal Case and State Case against Mountaire.[9]

---

[7] *See Natural Res. Def. Council, Inc. v. N.Y. Dep't of Envtl. Conservation*, 834 F.2d 60, 61-62 (2nd. Cir. 1987) (Holding that an intervenor does not have an interest in the litigation for purposes of Rule 24 simply because it has a different motive or disagrees with the parties' litigation strategy).

[8] Movants have also filed a Class Action Complaint in the Superior Court of the State of Delaware against Mountaire.  (Exhibit C, Class Action Complaint, C.A. No.: S18C-06-009 RFS).  Movants sought relief in its Class Action Complaint is nearly identical to the relief it seeks in its Complaint in Intervention.

[9] As noted above, citizen suits are intended as a means to enforce Federal environmental laws where the EPA or a State has not taken action.  The purpose of the citizen suit provision is to provide an alternative means of enforcing the relevant Federal environmental act, not litigating private parties' disputes.  And where the government is diligently prosecuting the matter, the citizen suit is barred, because the government is adequately representing the citizens' interests in enforcing the law.  *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999) ("The proponent of intervention must make a particularly strong showing of inadequacy in a case where the government is acting as *parens patriae*.  Representation is not inadequate simply because 'the applicant would insist on more elaborate . . . pre-settlement procedures or press for more drastic relief.'") (quoting *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 985 (2d Cir. 1984)); *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996) ("Usually, Rule 24(a)'s third criterion is easy to satisfy, and the would-be intervenor faces a minimal burden of showing that its interests are not adequately represented by the parties. But when one of the parties is an arm or agency of the government, and the case concerns a matter of sovereign

Movants' request to intervene pursuant to Rule 24(a)(2) should be denied, because: Movants' interests in enforcing the CWA and RCRA are adequately represented by DNREC, and Movants interests apart from enforcing the CWA and RCRA are unrelated to this litigation.

### C. The Court should not permit Movants intervention under Rule 24(b).

Movants also attempt to rely on Rule 24(b)'s permissive intervention. Under Rule 24(b), the Court has broad discretion to permit or deny a motion to intervene, but the Court should deny intervention where the intervention will cause undue delay or expand the scope of the existing litigation.

Here, Movants' intervention will only serve to delay DNREC's enforcement efforts and implementation of the Consent Decree. Movants' seeks this Court's declaration that DNREC is not diligently prosecuting Mountaire's violations of RCRA and the CWA, thus Movants hope to reopen a Consent Decree that DNREC and Mountaire have spent months negotiating.[10] Furthermore, Movants seek to expand the scope of DNREC's enforcement action by seeking remedies to compensate Movants' claimed damages. These are not appropriate reasons to permit Movants' intervention, and the Court should deny Movants' Motion.

### D. Intervention does not entitle Movants to participate in DNREC's enforcement action.

As a final matter, if the Court grants Movants' Motion, DNREC requests that the Court limit Movants' right to participate in these proceedings. As noted in the advisory committee notes to Rule 24, "[a]n intervention of right under the amended rule may be subject to

---

interest, the bar is raised, because in such cases the government is presumed to represent the interests of all its citizens") (internal quotation marks omitted) (emphasis in original).

[10] *United States EPA v. City of Green Forest, Ark.,* 921 F.2d 1394, 1402 (8th Cir. 1990) ("Had the citizens intervened, they still would not have been able to compel a consent decree on their own terms.").

appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." (Fed.R.Civ.P. 24 advisory committee's note).

In the context of intervention in a government enforcement action, limiting an intervenor's participation in the proceedings is particularly appropriate where the government has negotiated a settlement with the violator.[11]  In *United States v. DeKalb Cty., Ga.*, the District Court for the Northern District of Georgia explained:

> In granting a citizen the right to bring an action or intervene where the EPA or a state is prosecuting an action, the CWA does not intend "to enable citizens to commandeer the federal enforcement machinery." *Dubois v. Thomas,* 820 F.2d 943, 949 (8th Cir.1987); *see also United States EPA v. City of Green Forest, Ark.,* 921 F.2d 1394, 1402 (8th Cir.1990). While citizens are given a right to intervene, the CWA does not give them an unconditional right to participate in the proceedings. *United States v. Lexington–Fayette Urban Cnty. Gov't,* No. 06–386–KSF, 2007 WL 2156543, at *2 (E.D.Ky. July 24, 2007). "[I]t is appropriate for the Court to impose limitations on the Intervening Plaintiffs' participation in the suit, particularly in light of the [CWA's] inherent preference for administrative enforcement actions over citizen enforcement actions." *Id.*[12]

In recognition that the "choice to settle with a violator remains within a government agency's discretion," and that "the government is presumed to represent the interests of all its citizens," DNREC respectfully requests that this Court limit Movant's participation in these proceedings to the extent the Court permits Movants to intervene.

---

[11] "The choice to settle with a violator remains within a government agency's discretion, 'even if citizens might have preferred more stringent terms than those determined by the government to be appropriate.'" *Citizens For Clean Power v. Indian River Power, LLC*, 636 F. Supp. 2d 351, 357 (D. Del. 2009) (citing *Clean Air Council v. Sunoco, Inc. (R&M)*, 2003 WL 1785879 at *6 (D.Del Apr. 2, 2003)).

[12] *United States v. DeKalb Cty., Ga.*, 2011 WL 6369569, at *9 (N.D. Ga. Oct. 11, 2011).

## **CONCLUSION**

The Court should deny Movants' Motion to Intervene, because Movants should not be permitted to utilize DNREC's enforcement action as a means to assert their own claims against Mountaire.  Furthermore, if the Court permits Movants to intervene, the Court should limit Movants' participation in these proceedings to ensure efficient enforcement of the CWA and RCRA.

Respectfully Submitted,

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

Dated: July 13, 2018

*/s/  William J. Kassab*
Devera B. Scott (Bar Id. No. 4756)
William J. Kassab (Bar Id. No. 5914)
Deputy Attorneys General
102 West Water Street
Dover, Delaware 19904
302-739-4636
Devera.Scott@state.de.us
William.Kassab@state.de.us

Attorneys for Plaintiff,
State of Delaware, Department of Natural Resources & Environmental Control