IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE DEPARTMENT OF NATURAL RESOURCES & ENVIRONMENTAL CONTROL,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIRE FARMS OF DELAWARE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 18-838 (MN)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Devera B. Scott, William J. Kassab, DELAWARE DEPARTMENT OF JUSTICE, Dover, DE – attorneys for Plaintiff

F. Michael Parkowski, Michael W. Arrington, Michael W. Teichman, PARKOWSKI, GUERKE & SWAYZE, P.A., Wilmington, DE – attorneys for Defendant

Chase T. Brockstedt, Stephen A. Spence, BAIRD MANDALAS BROCKSTEDT, LLC, Lewes, DE; Philip C. Federico, Brent Ceryes, SCHOCHOR, FEDERICO AND STATON, P.A., Baltimore, MD – attorneys for proposed Intervenors

March 25, 2019
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is the motion of Gary and Anna-Marie Cuppels and more than 690 others similarly situated (collectively, "Intervenors") to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure and the rights of intervention afforded by the Clean Water Act ("CWA") and the Federal Resource Conservation and Recovery Act ("RCRA"). (D.I. 4). For the reasons set forth below, the motion to intervene is GRANTED.

## I. BACKGROUND

The Intervenors are residents and property owners who reside within five miles of a poultry processing plant and disposal facilities owned and operated by Defendant Mountaire Farms of Delaware, Inc. and its related companies, Mountaire Corporation and Mountaire Farms, Inc. (collectively, "Mountaire"). (D.I. 4 at 1). The Intervenors allege that "Mountaire has disposed of billions of gallons of highly contaminated wastewater and liquefied sludge on lands near the Intervenors' residences," which has seeped into the groundwater and caused nitrates to spread "for miles" and reach "dangerously high" concentrations in the surrounding area. (*Id.* at 2). The Intervenors claim that the groundwater contamination has rendered their water undrinkable, caused adverse health effects and caused the Intervenors' property to lose "substantial value." (*Id.*).

On May 2, 2018, the Intervenors sent letters to Mountaire and the State of Delaware Department of Natural Resources & Environmental Control ("DNREC") notifying them of Intervenors' intent to sue Mountaire for violations of the CWA and RCRA under the relevant citizen-suit provision of each statute. (*See* D.I. 4-3 at pgs. 4-16 of 83; *see also* D.I. 9 at 1). In their letter to DNREC, the Intervenors requested to meet with DNREC to discuss concerns about Mountaire's alleged misconduct and to offer assistance in investigating. (D.I. 9 at 1-2; *see also* D.I. 4-3 at pgs. 15-16 of 83). DNREC declined to "commit" to a meeting. (D.I. 9 at 2). The

1

Intervenors followed up with DNREC with requests for meetings and offers of the assistance of experts retained by Intervenors. (D.I. 9 at 2; *see also id.* (follow-up requests sent on May 22, May 25 and May 30 of 2018)). DNREC did not respond to the follow-up requests. (*Id.*).

On June 4, 2018, DNREC initiated the present action against Mountaire for violations of the CWA, 33 U.S.C. § 1251 *et seq.*, and RCRA, 42 U.S.C. § 6901 *et seq.* (D.I. 1 ¶¶ 31-39). In its Complaint, DNREC requests that the Court declare Mountaire to be in violation of the CWA and RCRA, and DNREC seeks an injunction that, *inter alia*, prohibits Mountaire from further contaminating groundwater and requires Mountaire to investigate the contamination and provide residents with an alternative water supply. (*Id.* at 7-8 (Prayer for Relief)). On the same day this case was filed, DNREC filed a parallel proceeding in the Superior Court for the State of Delaware, alleging violations of state environmental laws and referencing the same federal laws at issue in this litigation (*i.e.*, the CWA and RCRA). (*See generally* Complaint, *DNREC v. Mountaire Farms of Delaware, Inc.*, No. S18M-06-002 (Del. Super. Ct. June 4, 2018); *see also id.* ¶ 3 ("DNREC enforces numerous environmental statutes and regulations, including federal delegation of administration of [RCRA] codified at 42 U.S.C. § 6901 *et seq.*; federal delegation of administration of the [CWA] codified at 33 U.S.C. § 1251 et *seq.* . . .")). DNREC admits that, in the state court action, it is ultimately seeking court approval of a Proposed Consent Decree between DNREC and Mountaire that would "require[] Mountaire to pay a civil penalty and take corrective measures that will address its violations of Delaware environmental statutes and regulations, as well as its violations of the CWA and RCRA that are the basis for the Federal Case." (D.I. 8 at 2).

On June 29, 2018, Intervenors filed the present motion to intervene (D.I. 4) and proposed intervenor complaint (D.I. 4-2). The motion seeks intervention as a matter of right under Rule 24(a) primarily based on the statutory rights of intervention provided by the CWA and

RCRA, and also seeks permissive intervention under Rule 24(b) in the alternative. (D.I. 4 at 3-4; *see also* D.I. 9 at 5-8). DNREC and Mountaire oppose intervention.[1] (*See* D.I. 7 (Mountaire's opposition); D.I. 8 (DNREC's opposition)).

## II.    LEGAL STANDARDS

### A.    Motion to Intervene

Rule 24 of the Federal Rules of Civil Procedure sets out the circumstances by which a person or entity may intervene in an action. Rule 24(a)(1) requires the Court to permit intervention as a matter of right to anyone "given an unconditional right to intervene by a federal statute." FED. R. CIV. P. 24(a)(1). Similarly, Rule 24(a)(2) requires the Court to permit intervention to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). Unlike intervention as of right under Rule 24(a), Rule 24(b) affords the Court discretion in allowing intervention of anyone "given a conditional right to intervene by a federal statute" or anyone who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(A) & (B); *see also Brody By*

---

[1] The Intervenors also seek to intervene in the state court action. (*See* Plaintiff-Intervenors' (CUPPELS) Opening Brief in Support of Their Motion to Intervene, *DNREC v. Mountaire Farms of Delaware, Inc.*, No. S18M-06-002 (Del. Super. Ct. Aug. 10, 2018)). DNREC and Mountaire oppose intervention in the state court proceedings. (*See* Defendant Mountaire Farms of Delaware, Inc.'s Answering Brief in Opposition to Movants Gary and Anna-Marie Cuppels and 690 Other Residents' Supplemental Motion to Intervene, *DNREC v. Mountaire Farms of Delaware, Inc.*, No. S18M-06-002 (Del. Super. Ct. Aug. 27, 2018); DNREC's Plaintiff's Answering Brief to the Motions to Intervene of Gary and Anna-Marie Cuppels and Joseph and Joan Balback, *DNREC v. Mountaire Farms of Delaware, Inc.*, No. S18M-06-002 (Del. Super. Ct. Aug. 10, 2018)). On November 20, 2018, Judge Stokes heard oral argument on the motions to intervene in the state court action, and this Court has reviewed the transcript of that hearing. (*See* D.I. 14, Ex. A).

*& Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) ("Whether to grant permissive intervention under Rule 24(b) . . . is within the discretion of the district court . . . ."). A timely motion is a prerequisite to intervention under both Rule 24(a) and Rule 24(b). *See* FED. R. CIV. P. 24(a) ("On timely motion, the court must permit anyone to intervene who . . . ."); FED. R. CIV. P. 24(b)(1) ("On timely motion, the court may permit anyone to intervene who . . . .").

  **B.**  **Citizen Suits and Intervention under the CWA and RCRA**

The CWA and RCRA each provide citizens with a right to initiate civil actions against persons or entities (including the government) who violate the statute or standards, orders, etc. promulgated thereunder. *See, e.g.*, 33 U.S.C. § 1365(a)(1) (CWA permitting citizen suits alleging any "violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation"); 42 U.S.C. § 6972(a)(1)(A) (RCRA permitting citizen suits alleging any "violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter"); 42 U.S.C. § 6972(a)(1)(B) (RCRA permitting citizen suits against those "who ha[ve] contributed or who [are] contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment"). Both the CWA and RCRA also permit civil actions against the Administrator for failing to perform certain acts or duties that are not committed to the Administrator's discretion. *See* 33 U.S.C. § 1365(a)(2); 42 U.S.C. § 6972(a)(2).

Citizens must satisfy certain notice requirements prior to initiating civil suits under both the CWA and RCRA. *See* 33 U.S.C. § 1365(b)(1)(A) & (b)(2) (CWA requiring sixty days' notice prior to initiating suit against alleged violator or Administrator); 42 U.S.C. § 6972(b)(1) & (c) (RCRA requiring sixty days' notice prior to initiating suit for certain violations under (a)(1)(A) or

4

against Administrator under (a)(2)); 42 U.S.C. § 6972(b)(2)(A) (RCRA requiring ninety days' notice prior to initiating suit under hazardous-waste provision at (a)(1)(B)). The CWA and RCRA also prohibit citizens from filing suits in certain instances where the Administrator or State has already commenced and is diligently prosecuting an action against the alleged violator. *See* 33 U.S.C. § 1365(b)(1)(B) (CWA diligent-prosecution bar); 42 U.S.C. § 6972(b)(1)(B) & (b)(2)(B)(i) & (C)(i) (RCRA diligent-prosecution bar). RCRA includes additional prohibitions against citizen suits under the hazardous-waste provision where the Administrator or State is engaged in removal or remedial proceedings. *See* 42 U.S.C. § 6972(b)(2)(B)(ii)-(iv) & (C)(ii)-(iii).

Although the CWA and RCRA include prohibitions on citizen suits where the Administrator or State has already commenced an action, both statutes afford citizens a right to intervene in such a pending action. The CWA provides:

> No action may be commenced . . . under subsection (a)(1) of this section . . . if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

33 U.S.C. § 1365(b). Similarly, RCRA provides that, "[i]n any action under subsection (a)(1)(A) of this section in a court of the United States, any person may intervene as a matter of right." 42 U.S.C. § 6972(b). As to actions already commenced by the Administrator or State under the hazardous-waste subsection (a)(1)(B), RCRA provides:

> In any action under subsection (a)(1)(B) of this section in a court of the United States, any person may intervene as a matter of right when the applicant claims an interest relating to the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the Administrator or the State shows that the applicant's interest is adequately represented by existing parties.

5

*Id.* § 6972(b)(2)(E).

### III. DISCUSSION

Intervenors seek to intervene in the present action as a matter of right under Rule 24(a), as well as permissively under Rule 24(b). (*See* D.I. 4 at 2-4). As an initial matter, the Court notes that neither DNREC nor Mountaire argue that Intervenors' motion is untimely. Moreover, given that the motion was filed just twenty-five days after DNREC filed its Complaint, and given that this case is still at the pleadings stage (*see* D.I. 6), the Court finds that Intervenors did not delay and their motion is timely. *See Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania*, 701 F.3d 938, 949 (3d Cir. 2012) ("To determine whether the intervention motion is timely, we have listed three factors for courts to consider: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." (quotation marks and citation omitted)). Intervenors have thus satisfied the timeliness prerequisite to intervention under either Rule 24(a) or Rule 24(b).

DNREC sued Mountaire under the effluent-limitations provision of the CWA, as well as under at least the hazardous-waste provision of RCRA. (*See, e.g.*, D.I. 1 ¶ 37 (citing 33 U.S.C. § 1311(a) (CWA prohibiting discharge of pollutants)); D.I. 1 ¶ 31 (citing 42 U.S.C. § 6972(a)(1)(B) (RCRA prohibiting various acts relating to hazardous waste)); D.I. 1 ¶ 34 (citing 42 U.S.C. § 6945(a) for open-dumping count and alleging DNREC's enforcement is through "RCRA's citizen suit provision")). Intervenors argue that both the CWA and RCRA provide them with a right to intervene in this case. The Court will address the rights afforded by the CWA and RCRA in turn.

## A. Intervention Under the CWA

Relying on 33 U.S.C. § 1365(b)(1)(B), Intervenors contend that the CWA provides them with an unconditional right to intervene in this action. (*See* D.I. 4 at 3; D.I. 9 at 6). Section 1365(b)(1)(B) prohibits citizens[2] from initiating their own suits under the CWA when a State has already commenced and is diligently prosecuting an action to require compliance with an effluent standard or limitation, but it provides that "in any such action in a court of the United States any citizen may intervene as a matter of right." 33 U.S.C. § 1365(b)(1)(B). The State of Delaware has delegated to DNREC certain policing powers, and DNREC is considered a "State" within the meaning of the CWA. *See* 7 DEL. C. § 6001(b)(2) ("The State, in the exercise of its sovereign power, acting through the Department should control the development and use of the land, water, underwater and air resources of the State so as to effectuate full utilization, conservation and protection of the water and air resources of the State."); *see also* 7 DEL. C. § 6008(13) (defining "Department" as DNREC).

DNREC's allegations against Mountaire in this case arise under 33 U.S.C. § 1311(a) – the effluent-limitations provision of the CWA that prohibits discharge of pollutants. (*See* D.I. 1 ¶¶ 37-39). Therefore, this is an action by the State against Mountaire to require compliance with an effluent limitation under the CWA – *i.e.*, it is the type of suit described in § 1365(b)(1)(B) in which citizens are given a right to intervene.

Moreover, in actions such as this, § 1365(b)(1)(B) places no conditions on the ability of citizens to intervene. Rather, citizens are permitted to "intervene as a matter of right." 33 U.S.C. § 1365(b)(1)(B). In the Court's view, the plain meaning of this statute is clear: where, as here,

---

[2] Neither DNREC nor Mountaire dispute that Intervenors are "citizens" within the meaning of the CWA. *See* 33 U.S.C. § 1365(g) ("For the purposes of this section the term 'citizen' means a person or persons having an interest which is or may be adversely affected.").

7

citizens are barred from initiating a suit because a State has already commenced and is diligently prosecuting an action against an alleged violator of an effluent standard or order, those citizens are given an unconditional right to intervene.[3] *See, e.g.*, *United States v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 11 C 8859, 2012 WL 3260427, at *3 (N.D. Ill. Aug. 7, 2012) (finding that the CWA provides unconditional right to intervene in action alleging violation of effluent standards); *United States v. E. Shoshone Tribe*, No. 10-CV-093-J, 2010 WL 11435111, at *1 (D. Wyo. Dec. 15, 2010) ("[B]ased on the language of the CWA and the Federal Rules of Civil Procedure, the Court finds intervenor is entitled to an unconditional right to intervene.").

Neither DNREC nor Mountaire offers any meaningful argument as to why the right of intervention granted by the CWA is not an unconditional one. Instead, DNREC argues that citizen-suit provisions generally exist to permit intervention only where a pending enforcement action would bar citizens from bringing their own suit (D.I. 8 at 3-5), and Mountaire seems to suggest that diligent prosecution operates to bar intervention (D.I. 7 at 10-11). As to DNREC's argument, because DNREC filed this case prior to the expiration of the sixty-day notice period required by the CWA, Intervenors appear to be barred from filing their own suit under § 1365(a)(1). *See, e.g.*, *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 59 (1987) ("If the

---

[3] The Court recognizes that there is some tension between the CWA's right of intervention and the relief requested by Intervenors' in their proposed complaint. That is, the CWA affords citizens with a right to intervene in cases where a State has already commenced and is diligently prosecuting an action, but Intervenors seek a declaration from this Court that the State (*i.e.*, DNREC) is *not* diligently prosecuting the action. (*See, e.g.*, D.I. 4-2 at 28 (Request for Relief including, *inter alia*, that the Court "[d]eclare that DNREC . . . is not diligently prosecuting Mountaire's violations of RCRA and the CWA")). Although Intervenors may contend that DNREC is not being diligent (*see* D.I. 9 at 5 n.2), the present record does not support a finding that DNREC is, in fact, not diligently pursuing its claims under the CWA (or RCRA). Therefore, there exists an action that DNREC has commenced and is diligently prosecuting under the CWA – *i.e.*, an action in which citizens may intervene as a matter of right under § 1365(b)(1)(B).

Administrator or the State commences enforcement action [under the CWA] within that 60-day period, the citizen suit is barred, presumably because governmental action has rendered it unnecessary."). As to Mountaire's argument, § 1365(b)(1)(B) provides that diligent prosecution by a State bars Intervenors from filing their own suit – not from intervening in a State's suit. Where a State is diligently prosecuting an action, § 1365(b)(1)(B) provides that citizens may intervene as a matter of right.

The Court thus finds that Intervenors have an unconditional statutory right to intervene in this action as it relates to DNREC's claims arising out of the CWA,[4] and Intervenors must be permitted to intervene as to those claims under Rule 24(a)(1).

### B. <u>Intervention Under RCRA</u>

Intervenors contend that RCRA provides them with an unconditional right to intervene in suits initiated by a State against an alleged violator under 42 U.S.C. § 6972(a)(1)(A). (*See* D.I. 4 at 3). Although that may be true, at this juncture, the Court does not understand DNREC's RCRA allegations against Mountaire to arise out of § 6972(a)(1)(A). Indeed, DNREC's Complaint does not reference § 6972(a)(1)(A). Rather, DNREC's allegations against Mountaire under RCRA appear to be based on the hazardous-waste provision – *i.e.*, § 6972(a)(1)**(B)**. (*See, e.g.*, D.I. 1 ¶¶ 31-33; *but see id.* ¶¶ 34-36 (open-dumping count)).[5] Therefore, § 6972(b)(2)(E) appears to be

---

[4] Although not dispositive, it is worth noting that the United States has previously conceded that the CWA provides an unconditional right to intervene. *See, e.g.*, *United States v. City of Baton Rouge*, No. 01-978-BAJ, 2012 WL 1392980, at *1 (M.D. La. Apr. 20, 2012) ("As the proposed intervenors explained, and plaintiff USA conceded, the proposed intervenors have a statutory unconditional right to intervene provided under 33 U.S.C. § 1365(b)(1)(B)." (footnotes omitted)).

[5] Enforcement of the prohibition against open dumping occurs through the citizen-suit provision of RCRA. *See* 42 U.S.C. § 6945(a) ("The prohibition contained in the preceding sentence shall be enforceable under section 6972 of this title against persons engaged in the act of open dumping."). It is unclear whether DNREC's open-dumping count against Mountaire is brought pursuant to the general enforcement provision of RCRA – *i.e.*,

9

the relevant statutory provision that gives rise to a right to intervene in this case as it relates to DNREC's RCRA allegations. *See* 42 U.S.C. § 6972(b)(2)(E) ("In any action under subsection (a)(1)(B) in a court of the United States, any person may intervene as a matter of right when the applicant claims an interest relating to the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the Administrator or the State shows that the applicant's interest is adequately represented.").

Some courts looking at § 6972(b)(2)(E) have found that it tracks the requirements for intervention as of right under Rule 24(a)(2), while other courts have suggested that it provides an unconditional right to intervene under Rule 24(a)(1).[6] *See, e.g.*, *Michigan Dep't of Envtl. Quality v. Ford Motor Co.*, No. 17-CV-12372, 2019 WL 978933, at *1 (E.D. Mich. Feb. 28, 2019) ("Intervention [under § 6972(b)(2)(E)] is restricted only where the State shows that the person's interest is 'adequately represented by existing parties.' This language parallels Federal Rule of Civil Procedure 24(a)(2)'s requirements for intervention as of right." (citation omitted)); *D.C. v.*

---

§ 6972(a)(1)(A) – or pursuant to the hazardous-waste provision – *i.e.*, § 6972(a)(1)(B). (*See* D.I. 1 ¶¶ 34-36 (no reference to which RCRA citizen-suit subsection is being used to enforce open-dumping prohibition)). Because the Court finds that intervention must be permitted based on the right of intervention for hazardous-waste suits under RCRA, and because the right of intervention for general enforcement suits appears to be even broader, it is unnecessary to resolve which citizen-suit provision DNREC is using to enforce the prohibition against open dumping. *See* 42 U.S.C. § 6972(b)(1) (intervention as a matter of right in general enforcement suits).

[6] Language of § 6972(b)(2)(E) may arguably suggest a conditional right to intervene exists – *i.e.*, those claiming an interest in the subject of an action under § 6972(a)(1)(B) have a right to intervene only when their ability to protect that interest might be impaired or impeded by disposition of the action. In that scenario, however, § 6972(b)(2)(E) states that "any person may intervene as a matter of right," thereby invoking Rule 24(a). *See* FED. R. CIV. P. 24(a) ("Intervention of Right"). Indeed, § 6972(b)(2)(E) includes much of the same language as in Rule 24(a)(2). Therefore, the Court does not believe § 6972(b)(2)(E) provides a conditional statutory right to intervene, or that it triggers a permissive-intervention analysis under Rule 24(b)(1)(A) (or otherwise).

*Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 235 n.2 (D.D.C. 2011) ("The Court therefore finds that Section 6972(b)(2)(E) may best be read as clarifying the circumstances in which Rule 24(a) intervention of right is appropriate in a RCRA action."); *Severstal Sparrows Point, LLC v. U.S. E.P.A.*, 794 F. Supp. 2d 624, 626 n.2 (D. Md. 2011) ("Intervenors do not have an unconditional right to intervene under [Rule] 24(a)(1) because they are seeking to intervene in the dispute resolution, not in the original case resulting in the 1997 Consent Decree in which the intervenors would have had an unconditional right to intervene." (citing 42 U.S.C. § 6972(b)(2)(E))); *Litgo New Jersey, Inc. v. Jackson*, No. 06-2891 AET, 2006 WL 3333486, at *4 (D.N.J. Nov. 16, 2006) ("Goldstein may apply to intervene as a matter of right, 42 U.S.C. § 6972(b)(2)(E) . . . .").

After careful review, this Court agrees that § 6972(b)(2)(E) provides "the circumstances in which Rule 24(a) intervention of right is appropriate in a RCRA action." *Potomac Elec. Power*, 826 F. Supp. 2d at 236 n.2. That is, intervention as a matter of right under § 6972(b)(2)(E) does not fit neatly under either Rule 24(a)(1) or (a)(2). Instead, to intervene as a matter of right under § 6972(b)(2)(E), a person need only claim an interest in the subject of the action and that the ability to protect that interest may be adversely affected by disposition of the action. In that situation, the burden is placed on the Administrator or State to demonstrate that intervention is not warranted or necessary. *See* 42 U.S.C. § 6972(b)(2)(E) ("***unless*** the Administrator or the State shows that the applicant's interest is adequately represented by existing parties" (emphasis added)). In this way, § 6972(b)(2)(E) departs from the traditional Rule 24(a)(2) analysis, which places the burden on the proposed intervenor to show that its interest is ***not*** adequately represented by the parties to the action. *See In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) ("It is axiomatic that to intervene as a matter [of] right under Rule 24(a)(2) the prospective intervenor must establish

11

that . . . the interest is not adequately represented by an existing party in the litigation." (internal quotation marks and citation omitted)).

Applying § 6972(b)(2)(E) here, the Court finds that Intervenors claim an interest relating to the subject of this action. Intervenors are individuals who live near and have been impacted by Mountaire's poultry processing and disposal facilities, which are the subject of DNREC's enforcement action. (*See* D.I. 4 at 1-2; D.I. 9 at 7). Moreover, Intervenors notified DNREC and Mountaire of their intent to sue under the hazardous-waste provision of RCRA, the same provision that DNREC later used to sue Mountaire in this Court. (*Compare* D.I. 4-3 at pg. 4 of 83 (Intervenors providing requisite ninety days' notice of intent to sue under § 6972(a)(1)(B)), *with* D.I. 1 ¶¶ 31-33 (DNREC citing § 6972(a)(1)(B) in Complaint against Mountaire)). Given that Intervenors and DNREC all sought to sue Mountaire under the same RCRA provision for substantially the same conduct relating to the same property, it is unclear to this Court how Intervenors could not have an interest in the subject of this action.

The Court also finds that disposition of this action "may, as a practical matter, impair or impede" the Intervenors' ability to protect their interest. 42 U.S.C. § 6972(b)(2)(E). The Proposed Consent Decree (*see* D.I. 7, Ex. B), if entered, could prevent Intervenors from obtaining remedial measures that they contend are (and may in fact be) more effective than DNREC's proposals. Moreover, if this action is stayed[7] while Mountaire attempts to perform its obligations under the Proposed Consent Decree, Intervenors are likely barred from filing their own suit under RCRA during the stay. Such potential outcomes may impede or impair Intervenors' ability to protect their interests. *See, e.g.*, *Hudson Riverkeeper Fund, Inc. v. Atl. Richfield Co.*, 138 F. Supp. 2d 482, 484

---

[7] In its answering brief, DNREC asserts that, "following entry of the Consent Decree in the State Case, DNREC and Mountaire anticipate requesting a stay of the Federal Case while Mountaire satisfies the Consent Decree's conditions." (D.I. 8 at 2).

12

(S.D.N.Y. 2001) ("[S]ince a negative outcome in the instant action could preclude the Village from pursuing its own interests, it was properly granted intervention under RCRA.").

Although § 6972(b)(2)(E) places the burden of showing adequate representation on the State, DNREC barely addresses the issue. After claiming that Intervenors' interests are different, DNREC conclusorily states that, even if common interests in the subject of the action exist, Intervenors are adequately represented by DNREC. (*See* D.I. 8 at 6 ("To the extent [Intervenors'] interests may overlap with DNREC's interest in enforcing the CWA and RCRA, DNREC is adequately representing those interests by pursuing the Federal Case and State Case against Mountaire."); *id.* at 7 ("[Intervenors'] interests in enforcing the CWA and RCRA are adequately represented by DNREC")). The Court finds this to be insufficient under § 6972(b)(2)(E), which requires the State – *i.e.*, DNREC – to *show* that Intervenors' interest is adequately represented in this case. DNREC failed to make the requisite showing under § 6972(b)(2)(E) and, as a result, Intervenors must be permitted to intervene in this case as it relates to DNREC's RCRA claims.

The Court thus finds that Intervenors have a statutory right to intervene in this action as it relates to DNREC's claims arising out of RCRA, and Intervenors must be permitted to intervene as to those claims under Rule 24(a).[8]

### C. The Court Will Not Limit Intervenors' Participation

DNREC and Mountaire both request that the Court limit Intervenors' participation in the case if intervention is allowed. (*See* D.I. 7 at 8-9; D.I. 8 at 9). The Court has discretion to limit Intervenors' participation to certain phases of the action (or to certain activities) even though they

---

[8] Because the Court finds that Intervenors must be permitted to intervene as a matter of right under Rule 24(a) given the statutory rights afforded by the CWA and RCRA, the Court need not address the remaining arguments for intervention under Rule 24(a)(2) or Rule 24(b). (*See* D.I. 4 at 3-4).

are permitted to intervene here as a matter of right under Rule 24(a). *See Harris v. Pernsley*, 820 F.2d 592, 599 n.11 (3d Cir. 1987) ("[W]e believe that, given the complexity of much public law litigation, permitting courts to limit intervention as of right to discrete phases of the litigation may be necessary in some cases."); *see also Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan, J., concurring) ("[R]estrictions on participation may also be placed on an intervenor of right and on an original party."). Here, the Court has found that Intervenors are permitted to intervene in this action as it relates to DNREC's claims against Mountaire arising under the CWA and RCRA, and those are the only claims DNREC has asserted against Mountaire. That is, there are no substantive aspects of DNREC's action where Intervenors have not been granted intervention. Moreover, this case is at its earliest stages. So far, DNREC filed its Complaint and Intervenors moved to intervene. Intervenors' full participation would not undo significant work in this litigation or upend a schedule already in place. Therefore, the Court declines to impose limitations on Intervenors' participation at this stage.

## IV. CONCLUSION

For the foregoing reasons, the motion to intervene (D.I. 4) is GRANTED. An appropriate order will follow.