

**Kathleen Jennings**
**ATTORNEY GENERAL**

**DEPARTMENT OF JUSTICE**
KENT COUNTY
102 WEST WATER STREET
DOVER, DELAWARE 19904

CIVIL DIVISION (302) 739-7641
FAX: (302) 739-7652
CRIMINAL DIVISION (302) 739-4211

Reply to:  Civil Division – Kent County
Direct Dial: (302) 257-3218
Email: Devera.scott@delaware.gov

December 16, 2019

**VIA CM/ECF**
Hon. Maryellen Noreika
United States District Court for the
District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *State of Delaware, Department of Natural Resources & Environmental Control v. Mountaire Farms of Delaware, Inc.*
              C.A. No. 18-838-MN

Dear Judge Noreika:

William Kassab and I represent the Department of Natural Resources & Environmental Control ("DNREC") in this matter. We are writing to provide updates on several parallel settlement discussions in this case, and the parties' respective requests to the Court on the proceedings going forward.

**DNREC.**

As referenced in our last report, DNREC and Mountaire have entered into an agreement that resolves DNREC's claims against Mountaire in this matter. The agreement became enforceable upon execution. Today, the parties will lodge that agreement with the Court as a consent decree. Before Your Honor considers whether to enter the agreement as a consent decree, however, DNREC intends to solicit written public comment for 30 days, notice of which will be published no later than the February 1, 2020 Register of Regulations for the State of Delaware. Accordingly, DNREC respectfully requests that the stay be extended for 30 days after the end of the written public comment period. To the extent that any other party has requested an extension of the stay, DNREC does not object.

**Mountaire.**

As stated above, DNREC and Mountaire have successfully concluded its discussions, and DNREC is lodging an Agreement and [Proposed] Order (the "Proposed Consent Decree") with the court contemporaneously herewith, with the intent of moving the Court for its entry as a Consent Decree following the conclusion of the public comment period, which will run for thirty days following publication in the Delaware Register of Regulations.

Mountaire respectfully requests that the Court continue the stay in this matter pending the Court's consideration of and the final disposition of the Proposed Consent Decree. There are compelling reasons to continue the stay. First, both the CWA and RCRA bar the merits of citizen suit claims such as those made by the Cuppels Intervenors where a state's case is being diligently prosecuted. Here, DNREC's diligent prosecution is undeniable based on the robust Proposed Consent Decree lodged today that addresses all of the claims in the complaint and exacts a substantial civil penalty from Mountaire, as well as multiple commitments to interim and permanent injunctive relief, mitigation, and beneficial projects. Second, even if the Cuppels Intervenors' claims here were not subject to the diligent prosecution bar, they would be mooted upon entry of the Proposed Consent Decree. It would be highly inefficient to permit such claims to be go forward on the merits given the lodging of a Proposed Consent Decree that would resolve the entire matter. Finally, the stay would not be for an indefinite period. DNREC anticipates that a notice soliciting public comments on the Proposed Consent Decree will be published in the Delaware Register, no later than February 1, 2020. After the thirty-day comment period closes, DNREC has indicated that it will review and consider the comments before filing a motion to enter in this Court.

Staying this matter except for consideration of and the final disposition of the Proposed Consent Decree will not deprive the Cuppels Intervenors of their rights to: (a) comment on the Proposed Consent Decree during the public comment period; (b) oppose entry of the Proposed Consent Decree in this Court; and (c) continue to pursue of all of the remedies they seek in their class-action litigation filed in Superior Court. *See Cuppels v. Mountaire Corp.*, C.A. No. S18C-06-009 CAK.

**Balback pending Intervenors and Mountaire.**

Mountaire and the Balback pending-intervenors have reached a settlement with Mountaire and are in the process of finalizing the terms in writing. The parties request an additional 30-day while the written terms of the settlement are completed.

**Cuppels Intervenors.**

The Cuppels Intervenors oppose the request to extend the stay for three reasons. First, the Cuppels Intervenors have been granted intervenor status with "full rights" by the Court. Also, the Court issued a clear directive to DNREC at the May 10, 2019 status conference to include the Cuppels Intervenors in the process of negotiating the amended consent decree. Despite the Court's direction, DNREC has refused to include and/or cooperate with the Cuppels Intervenors, instead electing to secretly negotiate

the amended consent decree with Mountaire behind closed doors, totally excluding the Cuppels Intervenors from the process. Second, there is an ongoing environmental crisis causing significant health effects and severe impairment to the sensitive Swan Creek, Indian River and Inland Bays as a result of Mountaire's admitted inability to meet the requirements of its permit now, and for the last 15 years. Third, unlike the Cuppels who have been granted intervening status with full rights, Plaintiff Balback (whose proposed settlement does not include remediation) is not a party to this matter. Extending the stay in the DNREC v. Mountaire enforcement case to allow Mountaire to finalize a settlement with a non-party is inappropriate, prejudicial and further compounds the emergency in Millsboro.

      We are available at Your Honor's convenience to respond to any questions.

Respectfully,

*/s/ Devera B. Scott*
Devera B. Scott (#4756)
Deputy Attorney General
Words: 809

cc: F. Michael Parkowksi, Esq. (via CM/ECF)
      Michael W. Teichman, Esq. (via CM/ECF)
      Elio Battista, Jr., Esq. (via CM/ECF)
      Chase T. Brockstedt, Esq. (via CM/ECF)
      Stephen A. Spence, Esq. (via CM/ECF)
      Philip C. Federico, Esq. (via CM/ECF)
      Thomas C. Crumplar, Esq. (via CM/ECF)
      Raeann Warner, Esq. (via CM/ECF)
      William J. Kassab, Deputy Attorney General