# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE DEPARTMENT OF NATURAL RESOURCES & ENVIRONMENTAL CONTROL,<br><br>Plaintiff,<br><br>and<br><br>GARY and ANNA-MARIE CUPPELS,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>MOUNTAIRE FARMS OF DELAWARE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 18-838-MN-JLH<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

At Wilmington, this 10th day of August, 2020:

WHEREAS, on March 25, 2019, the Court granted a Motion to Intervene in this matter filed by Gary and Anna-Marie Cuppels (the "Intervenors") (D.I. 16);

WHEREAS the Court's Memorandum Opinion regarding intervention "decline[d] to impose limitations on Intervenors' participation at th[at] stage" because the case was then "at its earliest stages" and "Intervenors' full participation would not undo significant work in this litigation or upend a schedule already in place" (D.I. 15 at 14);

WHEREAS, on December 16, 2019, Plaintiff State of Delaware Department of Natural Resources & Environmental Control ("DNREC") filed a Proposed Consent Decree that would resolve its claims under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.*

("RCRA"), and the Clean Water Act, 33 U.S.C. § 1251, *et seq.* ("CWA"), against Defendant Mountaire Farms of Delaware, Inc. ("Mountaire") (D.I. 63);

WHEREAS, on December 17, 2019, the Court ordered Intervenors to file a letter stating their objections to the Proposed Consent Decree, ordered the parties to meet and confer regarding any such objections by January 24, 2020, and ordered the parties to file a joint status report on or before January 31, 2020 (D.I. 67);

WHEREAS, on January 17, 2020, Intervenors filed a lengthy letter setting forth their objections to the Proposed Consent Decree, along with 455 pages of supporting materials, including eight expert reports;

WHEREAS, on January 27, 2020, this case was referred to the undersigned for pre-trial proceedings (D.I. 71);

WHEREAS, between December 17, 2019 and May 29, 2020, the case remained stayed, and the parties engaged in multiple meet-and-confers and filed multiple status reports (D.I. 73, 75, 77, 79, 81, 84);

WHEREAS, on May 4, 2020, Intervenors filed a Motion for Preliminary Injunction against Mountaire, which motion remains pending (D.I. 87);

WHEREAS, on May 29, 2020, DNREC filed a First Amended Proposed Consent Decree that contains additional mitigation measures to address certain concerns raised by Intervenors during the meet-and-confer process, as well as public comments on the Proposed Consent Decree and First Amended Proposed Consent Decree that were received by DNREC during the public comment periods (D.I. 92, 94);

WHEREAS DNREC has not yet moved the Court to enter the First Amended Proposed Consent Decree;

WHEREAS, on May 29, 2020, Mountaire filed a Motion for Stay of Intervenors' Motion for Preliminary Injunction or, in the Alternative, Motion for a Briefing Schedule (D.I. 91), which motion remains pending;

WHEREAS Mountaire argues, among other things, that the Court should not issue an injunction and should delay consideration of Intervenors' request for an injunction because the COVID-19 crisis has placed a strain on the nation's food supply and Mountaire has been ordered by the President to remain open in the interest of national security, and the same circumstances make it difficult for Mountaire and counsel to adequately respond to the request for injunctive relief;

WHEREAS the Court held a telephone status conference on July 6, 2020 and ordered additional submissions from the parties regarding Intervenors' entitlement to discovery prior to the Court's consideration of the First Amended Proposed Consent Decree;

WHEREAS the Court has carefully read and considered all of the parties' recent filings (D.I. 84-88, 90-95, 97, 99-104);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Mountaire's Motion for Stay of Intervenors' Motion for Preliminary Injunction (D.I. 91) is GRANTED. All proceedings in this action are stayed, except for proceedings on DNREC's forthcoming motion to enter the First Amended Proposed Consent Decree.

1. The citizen suit provision of the CWA "is meant to supplement rather than supplant governmental action" and its legislative history provides that "[t]he Committee intends the great volume of enforcement actions be brought by the State" and that the citizen suit is appropriate only "if the Federal, State, and local agencies fail to exercise their enforcement responsibility." *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (quoting S. Rep. No.

92-414, at 64 (1971)); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 130 (3d Cir. 2016). The citizen suit provision of RCRA reflects the same policy. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1989).

2. The First Amended Proposed Consent Decree sets forth the settlement agreement between the State (DNREC) and Mountaire, regarding Mountaire's liability under the CWA and RCRA. This Court's review of the First Amended Proposed Consent Decree is limited to ensuring "that it is fair, adequate, and reasonable, as well as consistent with the public interest." *United States v. Comunidades Unidas Contra La Contaminacion*, 204 F.3d 275, 279 (1st Cir. 2000) (reviewing an intervenor's appeal from a consent decree resolving CWA and RCRA violations). Pursuant to that standard of review, the Court does not look to see "whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute." *In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 209 (3d Cir. 2003) (quoting *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)). This Court does not have the power to modify or rewrite a settlement to insert provisions it thinks are better.

3. The parties' joint status reports indicate that Intervenors had a substantial opportunity to present their views on the proposed Consent Decree to DNREC and Mountaire through the meet-and-confer process, and the record indicates that some of their objections were addressed in the First Amended Proposed Consent Decree. Intervenors also had the opportunity to object during the public comment period for the First Amended Proposed Consent Decree. Moreover, Intervenors will have a full and fair opportunity to be heard by the Court on the First Amended Proposed Consent Decree, through the process of filing of written objections and supporting materials.

4. The Court finds it appropriate to stay proceedings on Intervenors' Motion for Preliminary Injunction while it considers the First Amended Proposed Consent Decree. If the Court enters the First Amended Proposed Consent Decree, the case will be over. Intervenors' request for a preliminary injunction will be barred under CWA and RCRA and/or will be rendered moot. (D.I. 99 at 6-7.) *See Shenango*, 810 F.3d at 128-29; *United States v. Metro. Water Reclamation Dist. of Greater Chicago*, 792 F.3d 821, 824 (7th Cir. 2015); *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 528-30 (5th Cir. 2008). A stay thus promotes judicial economy. A stay does not disrupt the schedule, as no schedule has been entered. Nor will Intervenors be unduly prejudiced, as their preliminary injunction motion would be barred by operation of the CWA and RCRA, not because of any delay caused by a stay. Further, it appears that the parties will not be in a position to have a hearing on Intervenors' Motion for Preliminary Injunction for six months. (D.I. 99 at 9-11.) The Court anticipates resolving any objections on the First Amended Proposed Consent Decree in less time.

5. IT IS FURTHER ORDERED that Mountaire's request for an evidentiary hearing on DNREC's Motion for Entry of the First Amended Proposed Consent Decree is DENIED without prejudice to renew. Intervenors do not have an unconditional right to an evidentiary hearing on their objections to a consent decree. *Comunidades Unidas Contra La Contaminacion*, 204 F.3d at 279; *United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992) ("Once the intervenors had an opportunity to file objections to the proposed consent decree, '[t]here is little else that they could have done.'") (quoting *E.P.A. v. City of Green Forest, Ark.*, 921 F.2d 1394, 1402 (8th Cir. 1990)). Nor does the Court believe that an evidentiary hearing will be required here, particularly in view of the Court's limited standard of review. That said, the

Court may reconsider the need for an evidentiary hearing at the conclusion of the briefing, once it understands what issues remain in dispute.

  6. IT IS FURTHER ORDERED that Mountaire's request for discovery prior to the Court's consideration of the First Amended Proposed consent decree is DENIED. The Court finds that permitting discovery at this time would be inappropriate and unnecessary, particularly in view of the limited standard of review applicable to consent decrees and the fact that further discovery will be unnecessary if the Court enters the First Amended Proposed Consent decree.[1] Intervenors' objections to the original Proposed Consent Decree show that they are already in possession of a substantial amount of evidence concerning Mountaire's alleged past and continuing violations and the adequacy of the proposed remediation and mitigation measures, and the Court is confident that Intervenors will be able to adequately articulate their objections to the First Amended Proposed Consent Decree. (D.I. 68, Exs. A-L.)

  7. IT IS FINALLY ORDERED that DNREC shall file its Motion to Enter the First Amended Consent Decree and supporting brief on or before August 17, 2020. Further briefing shall be in accordance with the Court's Local Rules, unless otherwise agreed by the parties. The Court will hold a hearing on DNREC's motion on September 17, 2020 at 10 a.m. via videoconference. No later than September 14, 2020, the parties shall send an email to Cailah_Garfinkel@ded.uscourts.gov containing (i) a videoconference link and/or instructions on how to join the conference; (ii) a list of attendees for each side; and (iii) a separate audio-only dial-

---

[1] The cases cited by Intervenors are inapposite, as those cases discussed intervenors' rights to discovery before *trial*. *Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co.*, 974 F.2d 450, 470 (4th Cir. 1992); *United States v. E. Shoshone Tribe*, No. 10-cv-93, 2010 WL 11435111, at *4 (D. Wyo. Dec. 15, 2010). Contrary to Intervenors' argument, this Court's resolution of DNREC's Motion to Enter the First Amended Proposed Consent Decree is not a "determination on the merits." (D.I. 102-1.) Rather, the Court's role is to review the *settlement* between the State and Mountaire.

in number.  The videoconference must be sufficient to accommodate Judge Hall, the courtroom deputy, a law clerk, and the court reporter.  Once the dial-in information is received by the Court, members of the public may obtain it by contacting Chambers at Cailah_Garfinkel@ded.uscourts.gov. All participants (including any media and members of the public) are reminded that recording or broadcasting proceedings is STRICTLY PROHIBITED.  All participants shall be present on the videoconference no later than 10 minutes prior to the start of the hearing.  Any slide presentations or demonstratives that the parties wish to use during the hearing shall be emailed to Cailah_Garfinkel@ded.uscourts.gov no later than September 17, 2020.

Dated:  August 10, 2020                              _____
                                                               Jennifer L. Hall
                                                               UNITED STATES MAGISTRATE JUDGE