# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

STATE OF DELAWARE DEPARTMENT OF )
NATURAL RESOURCES & ENVIRONMENTAL )
CONTROL, )
                 )
Plaintiff, )     Case No.: 1:18-cv-00838-MN-JLH
                 )
   and )
                 )
GARY and ANNA-MARIE CUPPELS, )
Individually and on behalf of others )
Similarly situated, )
Intervenor Plaintiffs, )
                 )
   v. )
                 )
MOUNTAIRE FARMS OF DELAWARE, INC, )
a Delaware Corporation. )
                 )
Defendant. )
_____ )

## JOINT MOTION TO STAY

**COME NOW**, Plaintiff, Delaware Department of Natural Resources and Environmental

Control ("DNREC"), Defendant, Mountaire Farms of Delaware, Inc. ("Mountaire"), and

Intervenors, Gary and Anna-Marie Cuppels ("Intervenors"), by and through their respective

counsel, jointly moving this Honorable Court to continue the stay in the above captioned matter

as more fully set forth below.

1.     On November 20, 2020, the Court entered a stay of all proceedings in this matter

through and until December 31, 2020, upon the joint oral motion of the parties on November 20,

2020 (D.I. 132).

2.     All parties now respectfully request that all proceedings in this matter continue to

be stayed to allow Intervenors and Mountaire to complete certain steps in the related Delaware

Superior Court case, *Gary and Anna Marie Cuppels v. Mountaire Corporation, et. al*., S18C-06-009 CAK (the "Superior Court Case") that will result in a full and complete settlement of that matter.   Furthermore, settlement in the Superior Court case will facilitate entry of the First Amended Agreement and [Proposed] Consent Decree currently before the Court, because Intervenors anticipate that, upon final approval of the settlement in the Superior Court Case, if not sooner, they will withdraw their opposition entry of the First Amended Agreement as a consent decree (hereinafter referred to as the "First Amended Consent Decree" or "FACD") and instead support entry of the FACD.

3.       On May 29, 2020, DNREC and Mountaire executed the First Amended Agreement and [Proposed] Consent Decree, which became a legally binding contract upon execution. On the same day, DNREC lodged the FACD with the Court. (D.I. 92, 94). DNREC subsequently moved the Court to enter the FACD as an order of the Court. (D.I. 108, 110).  Upon entry of the FACD as a court order, the Court maintains jurisdiction over the subject matter of the FACD for the duration of the performance of the terms and provisions of the FACD. The procedures for terminating this case are addressed in the FACD.

4.       DNREC and Mountaire support the entry of the FACD; however, Intervenors have opposed entry.  The matter has been briefed and argued and is currently before the Court for decision.  Also pending before the Court is Intervenors' Motion for Preliminary Injunction (the "PI Motion") (D.I. 87), consideration of which has been stayed by the Court pursuant to the Memorandum Order of Magistrate Judge Hall dated August 10, 2020 (D.I. 105).  This Order, in turn, is the subject of Intervenors' Rule 72 Objections, filed on August 21, 2020 (the "Rule 72 Objections") (D.I. 107), which are currently before Judge Noreika.

5.      On June 13, 2018 Intervenors brought the Superior Court Case against Mountaire, including its affiliates Mountaire Corporation and Mountaire Farms Inc.  That matter was in discovery and pending a decision on class certification when it was stayed pursuant to Order of Special Discovery Master David White dated December 3, 2020.  The purpose of the stay was to allow the parties there to negotiate the terms of, and finalize, a class settlement (the "Class Settlement").

6.      The parties in the Superior Court Case have now reached agreement on a Class Settlement Agreement and have submitted that agreement to the Superior Court for preliminary approval.  Following preliminary approval, the parties thereto anticipate that notice will be provided to the proposed settlement class, and, after the expiration of the opt-out and objection periods, the Superior Court will hold a "fairness hearing" to consider final approval of the settlement.

7.      It is the understanding and intent of the parties to this action that, no later than the date of final approval of the Class Settlement Agreement in the Superior Court Case, including appeals if any, Intervenors will do the following:

     a.   Withdraw their objections to the FACD and support this Court's entry of the FACD in the form lodged with the Court as a full and final resolution of all Intervenors' claims that have been, could have been, or could be asserted in this case.

     b.   Withdraw the PI Motion.

     c.   Withdraw the Rule 72 Objections.

8.      These actions will facilitate the entry of the FACD and accelerate the resolution of this matter in a manner satisfactory to all parties and will avoid the potential for unnecessary appeals as all parties would be in alignment in their support for the FACD.

9.      Nothing in this stipulation should be construed as forbearance of the respective obligations of Mountaire or DNREC to perform the terms and provisions of the First Amended Agreement and [Proposed] Consent Decree.

10.      Assuming that the Superior Court ultimately approves the Class Settlement Agreement, the parties will request that the FACD be approved and entered by this Court as near in time as possible to the final approval of the Class Settlement Agreement.  Therefore, the parties respectfully request the opportunity to have a further status call with this Court as circumstances in the Superior Court approval process dictate.  The parties further propose to file a joint status report on or before the earlier of: (a) 120 days from the date of the Court's order granting this request; (b) when circumstances in the Superior Court Case so warrant; or (c) no later than 14 days from the date the Superior Court rules upon the Class Settlement Agreement after the fairness hearing described above.  Finally, the parties recognize that any party is free to move the Court to lift the stay for cause.

## CONCLUSION

For the foregoing reasons, all Parties respectfully request that the Court issue a stay consistent with this joint motion.

*[Signature page follows]*

4

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Devera B. Scott*
Devera B. Scott, I.D. No. 4756
Deputy Attorney General
102 W. Water Street, 3d Floor
Dover, DE 19904
(302) 257-3218
Devera.Scott@Delaware.gov

William J. Kassab, I.D. No. 5914
Deputy Attorney General
391 Lukens Drive
New Castle, DE 19720
(302) 395-2604
William.Kassab@Delaware.gov

*Attorneys for Plaintiff Delaware Department*
*of Natural Resources and Environmental*
*Control*

**BAIRD MANDALAS BROCKSTEDT,**
**LLC**

/s/*Chase T. Brockstedt*
Chase T. Brockstedt, Esq. (DE #3815)
Stephen A. Spence, Esq. (DE #5392)
1413 Savannah Road, Suite 1
Lewes, Delaware 19958
(302) 645-2262
*Attorneys for Intervenors*
chase@bmbde.com

OF COUNSEL:
Philip C. Federico, Esq. (*admitted pro hac*
*vice*)
Brent Ceryes, Esq. (*admitted pro hac vice*)
SCHOCHOR, FEDERICO AND STATON,
P.A.
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

**PARKOWSKI,  GUERKE  &  SWAYZE,**
**P.A.**

*/s/ Michael W. Teichman (3323)*
F. Michael Parkowski, Esquire (Bar No. 7)
Michael W. Teichman, Esquire (Bar No. 3323)
Elio Battista, Jr., Esquire (Bar No. 3814)
1105 North Market Street, 19th Floor
Wilmington, DE  19801
(302) 654-3300

**SIDLEY AUSTIN LLP**
Timothy K. Webster, Esq. (*admitted pro hac*
*vice*)
1501 K Street N.W.
Washington DC  20005
(202) 736-8138

*Attorneys for Mountaire Farms of Delaware,*
*Inc.*

5

*Attorneys for Intervenors Gary and Anna-Mare Cuppels*

Dated: December 30, 2020