IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE DEPARTMENT OF NATURAL RESOURCES & ENVIRONMENTAL CONTROL,<br><br>Plaintiff,<br><br>and<br><br>GARY and ANNA-MARIE CUPPELS,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>MOUNTAIRE FARMS OF DELAWARE, INC.,<br><br>Defendant. | C.A. No. 18-838-JLH |

## MEMORANDUM OPINION

Devera Breeding Scott, William Joseph Kassab, DELAWARE DEPARTMENT OF JUSTICE, Attorneys for Plaintiff.

Chase Traver Brockstedt, Stephen A. Spence, BAIRD MANDALAS BROCKSTEDT LLC, Lewes, Delaware; Philip C. Federico, Brent Ceryes, SCHOCHOR, FEDERICO AND STATON, P.A., Baltimore, Maryland, Attorneys for Plaintiffs-Intervenors.

F. Michael Parkowski, Michael W. Teichman, Elio Battista, PARKOWSKI, GUERKE & SWAYZE, P.A., Wilmington, Delaware; Timothy K. Webster, SIDLEY AUSTIN LLP, Washington, District of Columbia.

April 12, 2021

*[signature]*

**JENNIFER L. HALL, U.S. MAGISTRATE JUDGE**

Chicken processing plants generate wastewater. Before that wastewater can be discharged into the ground, it must be treated so that it does not pollute the groundwater.

In 2017, a wastewater treatment plant operated by chicken processor Mountaire Farms of Delaware, Inc. ("Mountaire") suffered a system failure. The failure resulted in Mountaire spraying wastewater that contained a high concentration of nitrates onto fields in Millsboro, Delaware. Nitrates can percolate into the groundwater, and water containing a high nitrate concentration is unsafe to drink.

This litigation began in 2018 when the State of Delaware Department of Natural Resources and Environmental Control ("DNREC") sued Mountaire for violations of federal environmental statutes in connection with the 2017 system failure. DNREC and Mountaire have now negotiated an agreement to resolve the dispute and they want the Court to enter it as a consent decree.

It is not the Court's role to ensure that DNREC negotiated an ideal consent decree. And the Court cannot rewrite the consent decree. The Court's role is limited to ensuring that the compromise resolution negotiated by DNREC is fair, adequate, and reasonable, as well as consistent with the public interest. *United States v. Comunidades Unidas Contra La Contaminacion*, 204 F.3d 275, 279 (1st Cir. 2000); *cf. In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 210 (3d Cir. 2003). For the reasons briefly summarized below, I conclude that it is.

**DISCUSSION**

DNREC has been delegated the authority to enforce certain federal environmental statutes, including the Federal Resources Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA"), and the Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("CWA"). Pursuant to the RCRA's hazardous waste permitting program, DNREC issues permits that establish the waste management

2

activities that a facility can conduct and the conditions under which it can conduct them. A facility generally cannot dispose of hazardous waste without a permit. A permit requires, among other things, that the facility comply with any applicable regulations promulgated by the Environmental Protection Agency ("EPA"), and the permit sets forth requirements for the facility to monitor and report its activities.

Mountaire operates a chicken processing plant in Millsboro, Delaware. The plant's wastewater treatment facility suffered a system failure in September 2017, which resulted in the plant discharging wastewater with constituent concentrations in excess of its permit limits. DNREC subsequently filed this suit, alleging that Mountaire violated the RCRA, 42 U.S.C. §§ 6972(a)(1)(B) and 6945(a), and the CWA, 33 U.S.C. § 1311(a), in connection with the system failure as well as prior to the system failure.

Before the Court is DNREC's Motion for Entry of First Amended Consent Decree ("FACD"). (D.I. 108.) Defendant Mountaire supports entry of the FACD. (D.I. 115.) Gary and Anna-Marie Cuppels live near Mountaire's Millsboro plant, and they successfully sought intervention in these proceedings. The Cuppels initially opposed entry of the FACD (D.I. 116), but they have now withdrawn their objections (D.I. 143).

"[A] consent decree must bear the imprimatur of a judicial judgment that it is fair, adequate, reasonable, and consistent with the objectives of Congress." *Comunidades Unidas Contra La Contaminacion*, 204 F.3d at 279. Prior to the withdrawal of Intervenors' objections, the Court reviewed hundreds of pages of information and expert reports provided by the parties, and the Court also held a full-day hearing. As a result of its thorough review of the record in connection with the now-withdrawn objections, the Court is satisfied that the FACD meets the applicable legal requirements for entry.

As to the procedural fairness of the FACD, the Court is satisfied on this record that it was appropriately negotiated and agreed upon in good faith.  The record further indicates that the original proposed consent decree was open for public comment and that the FACD incorporates additional obligations imposed after consideration of public comments and the Cuppels' objections.

The Court cannot say that the FACD is substantively unfair.  Although it gives Mountaire time to get itself into compliance, it requires Mountaire to ultimately conform its conduct to the law.  It also requires Mountaire to mitigate and remediate alleged harm caused by its alleged past conduct.

Having reviewed the voluminous record, the Court is also satisfied that the FACD is adequate, reasonable, and consistent with Congressional objectives.  While it not the role of this Court to second-guess DNREC's expertise, the Court nevertheless finds persuasive DNREC's and Mountaire's evidence and arguments regarding the appropriateness of the civil penalty and interim and long-term obligations that Mountaire is required to undertake.  The Court also bears in mind that a consent decree, by its nature, represents a compromise arrived at by a government agency in the exercise of its experience and judgment.  This Court cannot say on this record that DNREC's determination of the appropriate obligations to impose on Mountaire amounts to an "abandonment of judgment."  *Id.* at 282.

**CONCLUSION**

The record supports a finding that the FACD is fair, adequate, reasonable, and consistent with the objectives of Congress.  Accordingly, the Court will enter it.